IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BUSHANSKY *derivatively on behalf of Education Management Corp.*,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TODD S. NELSON, JOHN R. MCKERNAN, JR., PAUL J. SALEM, SAMUEL C. COWLEY, ADRIAN M. JONES, PETER O. WILDE, LEO F. MULLIN and EDUCATION MANAGEMENT CORP.,<br>　　　　Defendants. | 2:12-cv-1101 |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANTS' MOTION TO STAY OR, IN THE ALTERNATIVE, DISMISS THIS ACTION (ECF No. 26), with brief and numerous exhibits in support.[1]  Plaintiff ("Bushansky") filed a brief in opposition to the motion, with attached exhibits and Declaration of attorney David C. Katz.  Defendants filed a reply brief and a Supplemental Memorandum Regarding Motion to Stay or Dismiss.  Plaintiff filed a supplemental memorandum in opposition, to which Defendants filed another response.

In this lawsuit, Bushansky asserts a shareholder derivative action on behalf of EDMC against certain members of the EDMC Board of Directors.  The action is based on Pennsylvania law.  This Court has jurisdiction solely on the basis of diversity of citizenship.  Bushansky is a citizen of New York and he has chosen to not sue the three members of the EDMC Board of Directors who are also citizens of New York (and would thus defeat this Court's subject-matter jurisdiction.)

---

[1] Also pending are two motions to dismiss the Complaint for failure to state a claim filed by Defendants. (ECF Nos. 27, 29).

This Court took Defendants' motions under advisement while it monitored the progress of a first-filed, parallel lawsuit in the Court of Common Pleas of Allegheny County, Pennsylvania, *Oklahoma Law Enforcement Retirement System v. Nelson, et al.*, GD-12-008785 (the "OLERS Action").[2]  The OLERS Action challenges the same decisions, involving the same EDMC Special Litigation Committee, that are at issue in this case.  Indeed, the Complaint in this case copied verbatim portions of the Complaint in the OLERS Action.  On January 28, 2013, the Honorable R. Stanton Wettick, Jr. heard oral argument on Defendants' preliminary objections in the OLERS Action.

On May 2, 2013, Defendants filed a Notice of Supplemental Authority regarding a recent decision in a shareholder derivative action by the Honorable Christine Ward in the Court of Common Pleas of Allegheny County, Pennsylvania, *In re H.J. Heinz Company Derivative and Class Action Litigation*, G.D. 13-003108 (the "Heinz Action").  Judge Ward's opinion in the Heinz Action is a thorough and well-reasoned explanation of the principles of Pennsylvania law which govern shareholder derivative challenges to decisions of Board-appointed Special Litigation Committees.  Bushansky filed a response to the Notice of Supplemental Authority, which in essence attempts to distinguish the Heinz Action on its facts.

On July 22, 2013 Defendants filed another Notice of Supplemental Authority, to inform the Court of Judge Wettick's Memorandum and Order in the OLERS Action.  Bushansky filed a response which essentially contends that the OLERS Action was wrongly decided.  As relevant to the instant motion, Judge Wettick held that the shareholder derivative action against the EDMC directors should be dismissed pursuant to the "business judgment rule" if the Special Litigation Committee:  (1) was independent; (2) was disinterested; (3) was assisted by counsel; (4) conducted an adequate investigation; (5) prepared a written report; and (6) rationally believed

---

[2] The OLERS Action named all of the members of the EDMC Board of Directors as Defendants.

that its decision was in the best interest of EDMC.  Judge Wettick found that factors 1 and 2 were met, because the EDMC Special Litigation Committee members were independent and disinterested.  Judge Wettick also found that factors 3, 5 and 6 were met, because the Special Litigation Committee was assisted by counsel, prepared a report and acted in good faith.  However, Judge Wettick was unable to finally resolve the fourth factor (whether the investigation was adequate) as to alleged fraudulent job placement claims and alleged incentive-based compensation claims.  Accordingly, Judge Wettick postponed his ruling on those claims pending an opportunity for the Special Litigation Committee to file a Supplemental Report.  The OLERS plaintiff will be given an opportunity to respond to the Supplemental Report.  Judge Wettick has scheduled oral argument for December 3, 2013.

Judge Wettick's final decision in the OLERS Action will have significant, and perhaps dispositive, impact on this litigation because the issues are virtually identical.  This case presents unique and complex questions of Pennsylvania law.  It now appears that final resolution will not be forthcoming prior to December 2013.  Accordingly, it would be prudent and the best use of resources for the Court and the parties to explicitly postpone a decision in this case, pending resolution of the OLERS Action.  *See Landis v. North American Co.*, 299 U.S. 248, 244-45 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Sabbag v. Cinnamon*, 2010 WL 8470477 at *5 (N.D. Cal. Dec. 10, 2010) (staying shareholder derivative action where substantially similar case was proceeding in state court); *Bushansky v. Armacost*, 2012 WL 3276937 (N.D. Cal. 2012) (staying similar action filed by Plaintiff).[3]

---

[3] The Court does not decide Defendants' request for dismissal based on the *Colorado River* abstention doctrine.

In accordance with the foregoing, DEFENDANTS' MOTION TO STAY OR, IN THE ALTERNATIVE, DISMISS THIS ACTION (ECF No. 26) is **GRANTED**.  This case is hereby **STAYED**.  The parties shall notify the Court of Judge Wettick's final decision in the OLERS Action.

SO ORDERED this 5th day of August, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **David A. Borkovic, Esquire**
Email: dab@jgcg.com
**David C. Katz, Esquire**
Email: dkatz@weisslawllp.com
**Joseph H. Weiss, Esquire**
Email: jweiss@weisslurie.com
**Richard A. Finberg, Esquire**
Email: richardfinberg@gmail.com

**Diane S. Danoff, Esquire**
Email: diane.danoff@dechert.com
**Michael L. Kichline, Esquire**
Email: michael.kichline@dechert.com
**Peter J. Kreher, Esquire**
Email: peter.kreher@dechert.com
**William T. McEnroe, Esquire**
Email: william.mcenroe@dechert.com

**Ryan O. Hemminger, Esquire**
Email: rhemminger@leechtishman.com
**Robert T. Cronan, Esquire**
Email: tcronan@goodwinprocter.com
**Steven M. Reinsel, Esquire**
Email: sreinsel@leechtishman.com

**Anderson T. Bailey, Esquire**
Email: atbailey@jonesday.com
**Laura E. Ellsworth, Esquire**
Email: leellsworth@jonesday.com
**Thomas S. Jones, Esquire**
Email: tsjones@jonesday.com